UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14221-Cannon/McCabe

ABG 19 LLC,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss ("Motion") (DE 5), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 11). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED.**

**I.**    **BACKGROUND**

This is a breach-of-contract case involving insurance coverage. The Court accepts the following facts as true, taken from Plaintiff's complaint (DE 1-2 at 12-22). At all material times, Defendant, an insurance company, provided insurance coverage by way of a property insurance contract (hereafter the "Policy") for Plaintiff's property in Vero Beach, Florida (DE 1-2 ¶¶ 3, 5).

On or about September 28, 2022, Hurricane Ian damaged the property, causing substantial loss (hereafter the "Loss") (DE 1-2 ¶ 7). The Policy covered the Loss (DE 1-2 ¶ 7). Despite this, Defendant has refused to acknowledge coverage for the Loss and has refused to issue payment of insurance proceeds for the Loss (DE 1-2 ¶ 8). As a result, Plaintiff brings two counts against Defendant: Count 1 for breach of contract, and Count 2 for declaratory relief, seeking a declaration of the parties' rights under the Policy (DE 1-2 ¶¶ 10-17, 18-30).

## II.	LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of Count 2 pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.	DISCUSSION

Defendant urges dismissal of Count 2, the declaratory judgment count, on multiple grounds, each of which the Court will address in turn.

### A.	Duplicative of Count 1

Defendant first argues that Count 2 should be dismissed because it is duplicative of, and redundant to, Count 1 (DE 5 at 2).  The Court agrees.  As a general rule, district courts have broad discretion over requests for declaratory relief and need not entertain requests that are duplicative or redundant to other claims for affirmative relief.  *See, e.g.*, *Remedios v. Nat'l Fire & Marine Ins. Co.*, No. 19-21559, 2019 WL 7956170, at *4 (S.D. Fla. Aug. 29, 2019) (dismissing a declaratory judgment claim that involved the same factual dispute as breach-of-contract claim); *ARSC, Inc. v. Covington Specialty Ins. Co.*, No. 17-61605, 2017 WL 10742774, at *1 (S.D. Fla. Dec. 20, 2017) ("Emerald Center's petition for a declaratory judgment serves no useful purpose because it

2

involves only past conduct which has already ripened into a breach-of-contract claim: there is no future uncertainty to resolve.").

In this case, Count 2 asks this Court to declare the rights of the parties, specifically, "whether the [Policy] provides coverage for water loss at the insured dwelling" (DE 1-2 ¶ 24(a)). Meanwhile, Count 1 alleges that Defendant breached the Policy by refusing to: (1) acknowledge coverage for the Loss; (2) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and (3) issue payment in full of insurance proceeds for the Loss to Plaintiff (DE 1-2 ¶ 13). The resolution of Count 1 for breach of contract will, by necessity, require resolution of the same factual and legal issues raised in Count 2. In other words, both claims require the factfinder to decide whether the Policy covers the Loss. Count 2 is therefore redundant to Count 1 and serves no useful purpose. As such, Count 2 should be dismissed.

The Court has considered, but finds unpersuasive, Plaintiff's argument that dismissal of Count 2 would be premature at this time. At oral argument, Plaintiff posited that Defendant may yet plead affirmative defenses that could give rise to a need for declaratory relief, separate and apart from the pending claim for breach of contract. The Court cannot agree. To the extent Defendant raises affirmative defenses to Count 1, those defenses will necessarily be resolved as part and parcel of resolving Count 1. The Court finds no useful purpose to simultaneous litigation of the same issues – one by way of breach of contract and the other by way of declaratory relief.

The Court therefore recommends dismissal of Count 2. The Court further recommends a dismissal with prejudice because Plaintiff has not identified a viable theory for declaratory relief that would be separate and independent of the claim for breach of contract. *See Glick v. USAA Cas. Ins. Co.*, No. 21-80373, 2021 WL 7629401, at *4 n.2 (S.D. Fla. July 26, 2021) (dismissing a count for declaratory relief with prejudice where, like this case, "Plaintiffs have not identified any allegations that could be pleaded in an amended complaint to render [the declaratory relief count]

3

independent of [the breach of contract count]; and Plaintiffs themselves allege that the provision as to which uncertainty purportedly exists was materially breached").

      **B.**      **Failure to Identify Predicate Ambiguity**

Defendant next argues that Count 2 should be dismissed because the complaint fails to identify any predicate ambiguity in the Policy that needs to be clarified by the Court by way of declaratory relief (DE 5 at 5). Given the conclusion reached in section III.A above, the Court need not reach this argument and expresses no view.

**IV.**      <u>**RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 5) be **GRANTED** and that Count 2 for declaratory relief be **DISMISSED WITH PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of September 2023.

                                                            RYON M. MCCABE
                                                            U.S. MAGISTRATE JUDGE