UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14221-CIV-CANNON/McCabe

**ABG 19 LLC,**

    Plaintiff,

v.

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,**

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 16]**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (the "Report") [ECF No. 16], filed on September 27, 2023.  On August 3, 2023, Defendant filed a Motion to Dismiss (the "Motion"), seeking dismissal of Count 2 (declaratory relief) as duplicative of Count 1 (breach of contract) [ECF No. 5].  On September 27, 2023, following referral, Judge Ryon M. McCabe issued a Report recommending that the Motion be granted [ECF No. 16 pp. 1, 4].  Objections to the Report were due on October 11, 2023 [ECF No. 16 p. 4].  No party filed objections, and the time to do so has expired [ECF No. 16 p. 4].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject,

CASE NO. 23-14221-CIV-CANNON/McCabe

or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following de novo review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 16 pp. 2–4], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 16] is **ACCEPTED**.

2. The Motion [ECF No. 5] is **GRANTED**.

3. Count 2 of Plaintiff's Complaint [ECF No. 1] is **DISMISSED** with prejudice.[1]

4. **On or before October 27, 2023**, Defendant shall file its Answer to the surviving count in Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of October 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[1] Although leave to amend ordinarily should be freely given under Rule 15 of the Federal Rules of Civil Procedure, *see, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004), Plaintiff does not request leave to amend in the event that Defendant's Motion to Dismiss were granted [*see* ECF No. 9]. Nor has Plaintiff objected to the Report or identified a viable theory for declaratory relief that would be separate and independent of its claim for breach of contract [*see* ECF Nos. 1-2, 9]. Accordingly, the Court finds that amendment to Count 2 would be futile under the circumstances.

2